## NOE *vs.* TAYLOR.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINT COUPEE, THE JUDGE THEREOF PRESIDING.

If the seller is not bound, in a contract of sale, to make the transfer of the property to the vendee, before the *price* is paid or tendered ; or that the transfer and payment be simultaneous ; still he is bound, *previously*, to exhibit a valid and unincumbered title, before he can call on the vendee for performance of his part of the contract.

So where A sells to B, a tract of land, and stipulates to make a title in fee simple on a particular day, and that B forfeits a sum already paid, if he fails to comply with his part of the covenant, *i. e.* pay *the price : Held*, that it was the duty of A, first to show that his titles were good and free from incumbrance, before he could call on B for payment, or for a tender or consignment of the money and notes set out in the contract.

This is an action to recover the sum of four thousand five hundred dollars, which the plaintiff had advanced to the defendant, William Taylor, on a contract of sale of a plantation and slaves, agreed upon, but never definitively executed. The defendant avers that this sum is forfeited to his use and benefit, in consequence of the plaintiff's failing to comply with his part of the contract, according to the stipulations in the agreement.

On the trial, the written agreement between the parties, in pursuance of which the contract of sale was to be completed, was produced in evidence and relied on by the defendant, as working the forfeiture of the sum claimed. The judge charged the jury at length on the nature and

EASTERN DIST. effect of the agreement, which was excepted to by the
February, 1838. plaintiff's counsel.

NOE
vs.
TAYLOR.

The charge of the judge, and agreement, and all the material facts of the case are fully set out in the opinion of the court which follows.

There was a verdict and judgment for the defendant, from which the plaintiff appealed.

*A. N. Ogden,* for the plaintiff and appellant, relied on the following points to reverse the judgment below :

1. The plaintiff was not bound to make a tender of the price, because the mortgages existing on the property had not been erased.

2. If it was impossible for the defendant to make a good and valid title to the property on the day fixed by the agreement, the plaintiff was discharged from the obligation of tendering the price ; and the record shows clearly that such impossibilities did exist. Woodruff *vs.* Wederstrandt. 4 *Louisiana Reports,* 311.

3. If the defendant intended to retain the money advanced by the plaintiff, on the price of the property, it was his duty to put the plaintiff in delay, by calling on him to complete the sale, and showing his ability to make a valid and unincumbered title to the property.

4. The court below charged the jury erroneously, that a tender of the money and notes by the plaintiff, was, under any circumstances, a pre-requisite to establish a right to the money advanced.

*Mitchell,* for the defendant.

This is an action to recover back a sum of money forfeited to the defendant, by the non-compliance of the plaintiff with his agreement to purchase certain lands and slaves. Whatever may be the question as to the completion of the contract, he who presents himself in a court of justice, must first comply with his engagements, if he would be listened to and expect relief. 1 *Louisiana Code, article* 1906–7. 2 *Trophlong, vente,* 76, *in notes.*

2. No tender or offer to pay the price was ever made by plaintiff. He neither appeared himself or by an agent, at the time agreed on to complete the contract; therefore he is in default. The defendant was not bound to deliver if the purchaser did not appear to pay the price ; for a delivery of a title is a delivery of the thing sold. *Louisiana Code, articles* 2455, 2463. 1 *Trophlong, venie, page* 471, 482–3, *and notes.*

3. If the sum received by the defendant was earnest money, it was forfeited. The damages consequent upon a non-compliance, having been fixed by the parties in the written agreement, the court cannot alter them. *Louisiana Code,* 2438, 1928. 1 *Trophlong, vente,* 205, *No.* 135. 6 *Toullier,* 287, 288, *No.* 275.

4. All the mortgages and incumbrances on the property were well known to the plaintiff before he entered into the agreement. These the defendant were not bound to raise before the contract of sale was completed, and the purchase money paid or tendered in payment.

5. The finding of the jury is conclusive in favor of the defendant, in questions of this kind. But the equity of the case is also strongly in his favor ; when the value of the property is diminished since the payment ought to have been made, the purchaser must make good the deficiency. *Louisiana Code, article* 2543.

*A. N. Ogden,* in reply.

The defendant having failed to have the mortgages released, which were still existing on the property intended to be conveyed under the agreement, showed that he was unable to make a *good* title. The plaintiff was thereby exonerated from the obligation of payment, or even tendering the money in payment. 1 *Peters's Reports,* 462, 464–5.

2. The defendant, who is the seller, being unable to make a *good* and unincumbered title to the premises, the contract is at an end, by the fault of the defendant and he is not entitled to any forfeit.

70

EASTERN DIST.    *Carleton, J.,* delivered the opinion of the court.

*February,* 1838.    On the 21st July, 1836, the parties in this cause stipulated

NOE    in substance as follows: William Taylor agreed to sell to

*vs.*    James Noe, a tract of land, thirty-five arpents by sixty deep,

TAYLOR.    and the cypress swamp on the opposite side of the Mississippi, with sixty-nine slaves, horses, agricultural implements, &c., on the 1st day of January next thereafter, and to deliver the same on that day, provided said Noe shall strictly comply with his part of the agreement, viz: to pay the said Taylor one hundred and thirty thousand dollars: four thousand five hundred dollars in money, and one hundred and twenty-five thousand five hundred dollars, on said first of January, of which, twenty-five thousand dollars are to be paid in gold or silver, and the balance in four promissory notes, one payable on 1st January, 1838, one on 1st January, 1839, one on 1st January, 1840, and one on 1st January, 1841, payable and negotiable at the Union Bank of New-Orleans; each note endorsed by two responsible planters, worth at least two hundred thousand dollars, with an additional endorsement of a responsible commercial house in New-Orleans. The slaves not to be warranted such for life, nor the titles to be warranted otherwise than conformably to such decree as has been, or may be rendered by the Supreme Court of Louisiana, in regard to the will of Julien Poydras, in relation to said slaves. And Taylor further stipulated, "to make said Noe a title in fee simple to said tract of land, on the first day of January, and at the same time, such title to said slaves as is above expressed, *provided,* said Noe shall faithfully comply with the agreements and covenants above and herein expressed. It is also hereby understood, agreed and declared, by and between said parties, that in the event of said James Noe not complying with his said engagements and covenants on said first of January next, *he forfeits* said sum of four thousand five hundred dollars, and that said Taylor may convert this sum to his own use, to indemnify himself for the chances of making a better sale of his property."

The plaintiff brings this action to recover back the four thousand five hundred dollars, paid at the date of the contract. He avers that he had made on his part, all necessary arrangements for the fulfilment of his obligations towards the defendant, but that the defendant was unable to make an unincumbered title to the property sold, because of the existence of certain mortgages on the land, and because the decision of the Supreme Court had made it impossible he should comply with his contract in relation to the slaves. By a supplemental petition he claimed the further sum of four thousand five hundred dollars as damages.

The defendant answers, that Noe was bound before he received the titles to the property, to pay the twenty-five thousand dollars in money, or to make a tender or consignment thereof, as also of the four notes of twenty-five thousand dollars each, by the receipt of which, he would have been able to raise the mortgages and disincumber the titles; that the existence of the mortgages was known to the plaintiff at the date of the contract, as also the conditions and obligations affecting the slaves ; that the four thousand five hundred dollars are forfeited by the plaintiff, by reason of his inability to comply with his engagement, and are not sufficient to indemnify him for the loss he has sustained in being deprived of the chance of effecting another sale, and in the diminution of the value of the property.

The cause was tried by a jury, and their verdict being for the defendant, the judgment of the court was rendered accordingly, and the plaintiff appealed.

Our attention is first drawn to the judges charge to the jury, to which plaintiff's counsel took a bill of exceptions ; the charge is as follows :

1st. " The plaintiff was bound to make a tender of the specie and endorsed notes, before he could exact a sale from defendant.

2d. " This tender must be made by himself, or by an agent having a written power of attorney to accept the sale for plaintiff, and to make the payment as stipulated.

3d. " If the plaintiff had made this tender, and then the defendant had not passed him a title free of mortgages or other incumbrances ; or if the defendant could not then have passed a good and valid title, the plaintiff would have been entitled to recover back the money paid when the contract was entered into.

4. " Before the plaintiff could exact of the defendant the performance of his part of the obligation, it was necessary he should have put the defendant in delay, by tendering to perform his part of the obligation, and requiring defendant to perform his part in writing, or in presence of two witnesses.

5. " The Supreme Court have decided the case read from the reports on the will of Julien Poydras ; and if you are satisfied that the slaves contracted to be sold, were only a part of those slaves, and that from that decision the defendant could not have complied with his part of the contract, and that the plaintiff had made the tender above mentioned, at the time and place mentioned in the contract, by himself, or a duly authorized agent as above mentioned ; then, in such case, the plaintiff is entitled to recover.

6. " If the defendant, at the time and place agreed on, had refused to perform his contract, then it would have been useless to tender the money and notes; but otherwise, if the defendant did not so refuse, but on the contrary, offered to perform it."

We think the court erred. It appears to us that when a sale is in question, the attention of the parties is first directed towards the thing to be sold. The seller sets out its qualities and his title, and the buyer examines into their verity. These preliminaries are usually settled, and the price propounded by the seller, before the mode of payment is fixed. If the qualities of the thing be unacceptable to the buyer, the titles defective or incumbered, he usually withdraws, and the negociation ceases. This is the course, which we think every man's experience teaches him, the bargain takes as it advances towards completion.

If, however, it be said that the seller is not bound to make the transfer before the price is tendered, or that payment

If the seller is not bound, in a contract of sale, to make the transfer of the property to the vendee, before the *price* is paid or tendered, or that the transfer and payment be simultaneous; still he is bound, *previously*, to exhibit a valid and unincumbered title, before he can call on the vendee for performance of his part of the contract.

So, where A sells to B a tract of land, and stipulates to make a title in fee simple on a particular day, and that

;should be simultaneous with the transfer; still, in both cases the seller would be equally bound, previously to exhibit a valid and unincumbered title. This is the first and most important step to be taken, and lies at the foundation of the contract of sale.

In this view of the subject, we think it was the duty of Taylor, first to have shown that his titles were good and free from incumbrances, before he could call upon Noe for a tender or consignment of the money or notes set out in the contract.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury be set aside, and the judgment of the District Court be avoided and reversed; that the cause be remanded for a new trial, with instructions to the judge to abstain from charging the jury contrary to the opinion herein expressed; and that the appellee pay costs in both courts.

EASTERN DIST.
*February,* 1858.

