CUMMINGS v. COBB

(March 14, 1927. Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 98, 100.**

The vendor who is himself unable to convey title is in no position to resist the suit of the purchaser for the return of a deposit made to bind the sale.

Appeal from the First City Court, Division "B". Hon. Val J. Stentz, Judge.

Action by Neil A. Cummings against Albert H. Cobb.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

E. P. Dentsch, of New Orleans, attorney for plaintiff, appellee.

P. E. Edrington, Jr., of New Orleans, attorney for defendant, appellant.

OPINION

JONES, J. This is a suit for a return of a cash deposit of two hundred and forty dollars ($240.00) made by plaintiff as prospective purchaser of certain real estate.

Plaintiff alleges that he signed on October 19, 1925, the contract to purchase the property within forty-five days from date for twenty-four hundred dollars ($2400.00) and deposited on that day the amount claimed; that defendant failed to deliver or tender title within the time allowed.

Defendant filed exception of no cause of action and prematurity, the latter on the ground that plaintiff could not sue for return of deposit because he had failed to tender the purchase price.

Both exceptions were properly overruled.

See Noe vs. Taylor, 11 La. 551.

Rucher vs. Liddell, 5 La. Ann. 577.

Defendant answered, admitting the contract and the deposit and averred that he delivered deeds to the property on October 21, 1925, to plaintiff's agent; that he wrote this agent on November 22, stating that the sale should be passed before December 4, 1925; that after this time plaintiff stated to defendant that he was willing to forfeit the deposit because he did not have the money.

The only documents in the record are the contract of sale for the property, described in the petition, signed by both plaintiff and defendant, on October 19, 1925, and a bond for deed to the same property, dated March 19, 1923, and signed by Mrs. Geo. A. Thomas and George Schleh, neither of whom are parties to this suit.

The evidence shows that defendant never had title to the property and that no legal tender was ever made.

Although there is testimony to the effect that plaintiff orally agreed to give up the deposit, plaintiff denies this emphatically, and we agree with the judge of the lower court in his ruling on this point, for this court said in the case of Stroudback vs. Seriger, Teissier, O. A. D. 153, No. 7396:

"Where the prospective purchaser has neither permanently refused to accept delivery nor formally renounced his deposit, he must be regularly put in default before his deposit can be forfeited."

Although defendant testifies that he was ready and willing to convey title before the forty-five days were up, the evidence shows that the property belonged to a third party on the date of the trial, October 6, 1926, almost a year after the contract was signed.

In Heffern vs. McWilliams, 13 Orl. App. 489, this court said:

"The vendor who is himself unable to convey title is in no position to resist the suit of the purchaser for the return of the deposit."

And in Conrad vs. Freed, 6 Orl. App. 253:

"The vendor, having failed to plead in the alternative, and the refusal of the purchaser to take title tendered at the time of the sale, not being arbitrary, the suit by the purchaser for the return of the deposit must prevail."

For the above reasons the judgment is affirmed.